```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**ANTONIO JAMAUL BURNETT,**

                               Petitioner,

          v.                               CASE NO. 18-3008-SAC

**KVC/DCF, et al.,**

                               Respondents.

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending.

### Screening

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court must promptly review a habeas corpus filing, and, if it plainly appears that the petitioner is not entitled to relief, the court must dismiss the application.

### Background

Petitioner is held at the Montgomery County Jail ("MCJ"). However, it is unclear from the petition whether he is challenging a conviction, or whether he seeks review of a matter that is pending in the state courts. The petition refers to indictments related to the Child Indian Act and a life sentence (Doc. #1, p. 1), but petitioner also has attached an alias summons served on him at the MCJ dated December 19, 2017 (Doc. #1, Attach. p. 2) and a notice of hearing to be held on February 9, 2018 (*id.*, p. 3).

The claims identified in the petition read, in part, as follows:

Ground One: (N:CINC): "Nexting" commercial; exploitation of children indeeded – Nobel – Cause Corruption IDEA Act

violation (Doc. #1, p.5)

Ground Two: Tri-County Interlocal (OHIO) drawer consprta, (OHIO)(Tiny-K) Otdence. Heath Care. Information. Obstruction. EMS Obstruction. (*id.*, p. 6).

Ground Three: R.P.G.: DARE: Letters and speeches convet (RPG) Routine  Patterning Genocidal (DARE) DEF ABUSE resistance Errioniens. (*id.*, p. 8).

**Analysis**

A petition filed under Section 2254 is the remedy to challenge a state court conviction. However, by statute, a state prisoner must present the claims for relief to the state courts before proceeding in a federal habeas corpus action. 28 U.S.C. § 2254(b). Exhaustion requires the petitioner to give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner has the burden of showing exhaustion. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

Therefore, if petitioner is challenging a state conviction, he must identify the conviction and must show either that he has presented his claims for relief to the state courts or that there is no available remedy.

In the alternative, if petitioner is seeking review of pretrial detention, the habeas corpus remedy arises under 28 U.S.C. § 2241. Under § 2241(c)(3), the writ of habeas corpus extends to a pretrial detainee with pending state criminal charges only if he is in custody in violation of the Constitution or laws or treaties of the United

States. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007)("We…hold that § 2241 is the proper avenue by which to challenge pretrial detention….") Likewise, in order to proceed under § 2241, a habeas petitioner challenging state action must exhaust state court remedies before proceeding under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

Finally, if petitioner is seeking to stop pending state court action concerning the severance of his parental rights, he cannot proceed under habeas corpus. The federal courts do not have jurisdiction under the federal habeas statute to review collateral challenges to state child-custody decisions. *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 511-12 (1982)("Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody…. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements.")(internal quotation marks and citation omitted).

Because it is unclear why petitioner is incarcerated and whether he is seeking review of a conviction, pretrial review of charges against him, or pretrial intervention in pending child custody matters, the Court directs him to clarify the petition to explain his status, and also to show cause why this matter should not be dismissed

for the reasons explained herein.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including February 8, 2018, to clarify the nature of his claim as explained, and to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 26th day of January, 2018, at Topeka, Kansas.

                                                S/ Sam A. Crow  
                                                SAM A. CROW  
                                                U.S. Senior District Judge